**Opinion filed January 26, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00214-CR
_____

## TANNER LUCAS GUERRA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 11601**

## M E M O R A N D U M   O P I N I O N

Appellant, Tanner Lucas Guerra, originally pleaded guilty to the second-degree felony offense of aggravated assault with a deadly weapon. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for four years. The State subsequently filed a motion to proceed with an adjudication of Appellant's guilt. At a contested hearing on the State's motion, the trial court found nine of the State's ten allegations to be

true, revoked Appellant's community supervision, adjudicated him guilty of the charged offense, and assessed his punishment at confinement for twelve years and a fine of $3,000. We modify and dismiss.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, a copy of the clerk's record, and a copy of the reporter's record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant filed a pro se response to counsel's brief. In his response, Appellant complains that the police report was incorrect and that his attorneys rendered ineffective assistance. Appellant's complaints relate to matters that are outside the appellate record.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). The record from the adjudication hearing shows that the State presented testimony

about the violations by Appellant of the terms and conditions of his community supervision as alleged in the State's motion to adjudicate. Appellant testified and gave explanations for some of the alleged violations and denied others. Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note, however, that the judgment contains a nonreversible error. The trial court ordered Appellant to pay court-appointed attorney's fees that included both the original $500 fee,[1] which was part of the original plea bargain and was included in the order of deferred adjudication, and an additional fee for counsel's representation of Appellant with respect to the revocation and adjudication proceedings. The amount of the additional attorney's fees was $1,500. The record reflects that the trial court had found Appellant to be indigent and had appointed counsel to represent him. A defendant who has been determined to be indigent is presumed to remain indigent, and court-appointed attorney's fees cannot be assessed against such a defendant unless there is proof and a finding by the trial court that the defendant is no longer indigent. TEX. CODE CRIM. PROC. ANN. arts. 26.04(p), 26.05(g) (West Supp. 2016); *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). In this case, the record contains no such proof or finding. Therefore, the trial court erred when it assessed the additional $1,500 in court-appointed attorney's fees against Appellant.

This error does not constitute reversible error; the proper remedy is to modify the judgment to remove the improperly assessed fees. *Cates*, 402 S.W.3d at 252; *Olivas v. State*, No. 11-14-00075-CR, 2014 WL 4536389, at *1 (Tex. App.— Eastland Sept. 11, 2014, no pet.) (mem. op., not designated for publication). We

---

[1]We note that any complaint related to the assessment of $500 as attorney's fees in the original order of deferred adjudication has been forfeited by Appellant. *See Riles v. State*, 452 S.W.3d 333, 337–38 (Tex. Crim. App. 2015).

modify the judgment of the trial court to delete the $1,500 assessment, thus changing the amount of court-appointed attorney's fees assessed against Appellant from $2,000 to $500.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The judgment is modified to reflect that the amount of attorney's fees assessed against Appellant is **$500**, not $2,000; the motion to withdraw is granted; and the appeal is dismissed.

PER CURIAM

January 26, 2017

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4